**In the Matter of Lisa A. CARMOUCHE, Respondent.**

No. 45S00–1410–DI–649.

Supreme Court of Indiana.

Dec. 18, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

LORETTA H. RUSH, Chief Justice.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulat-

ing agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent practices exclusively in the area of consumer bankruptcy law. In connection with her practice, Respondent maintains a "Trust Account" and a "Business Account." Respondent did not deposit or hold client funds in her Trust Account. Respondent's Business Account is not a trust account and is not registered as an IOLTA.

On at least five occasions, Respondent disbursed funds from her Trust Account using an electronic funds transfer. These transfers were not based on a written withdrawal authorization and did not contain the signed approval of an attorney.

As part of her practice, Respondent would collect filing fees and certain other advance expenses from her clients. Respondent deposited and held those filing fees and advance expenses, as well as her own personal funds, in her Business Account. During the period from December 2013 through April 2014, Respondent made dozens of disbursements from her Business Account that were not associated with or for the benefit of any client.

The parties cite as an aggravating fact that Respondent's actions were part of a pattern of misconduct. The parties cite as mitigating facts that Respondent fully cooperated with the Commission's investigation and has no prior disciplinary history.

**Violations:** The parties agree that Respondent violated the following rules governing professional conduct:

Ind. Professional Conduct Rules:

1.15(a): Commingling client and attorney funds.

1.15(c): Failure to deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred.

Ind. Admission and Discipline Rules:

23(29)(a)(4): Commingling client funds with other funds of the attorney or firm.

23(29)(a)(5): Making withdrawals from a trust account without written withdrawal authorization stating the amount and purpose of the withdrawal and the payee.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning on the date of this order, all stayed subject to completion of at least two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall procure the services of a certified public accountant, who shall evaluate Respondent's trust account management practices and procedures and report quarterly to the Commission.

(2) Respondent shall have no violations of the criminal laws of Indiana or the Rules of Professional Conduct during her probation.

(3) If Respondent violates the terms of her probation, the Commission shall move to revoke her probation. If probation is revoked, the stay of Respondent's suspension shall be vacated and the suspension shall be actively served without automatic reinstatement.

(4) Even after expiration of Respondent's term of probation, the Commission reserves the right to seek revocation of probation if there is a

judicial finding that Respondent violated a criminal law or the Rules of Professional Conduct during the term of her probation.

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

All Justices concur.